**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

EVELYN HICKS,

                Plaintiff,

v.

UNITED RECOVERY SYSTEMS, L.P., a Texas limited partnership,

                Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.    Venue is proper in this Judicial District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in this Judicial District.

6.    The Defendant transacts business in this Judicial District.

### PARTIES

7.    Plaintiff Evelyn Hicks is a natural person.

8.    The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant United Recovery Systems, L.P., is a Texas limited partnership operating from an address at 5000 North Course Drive, Houston, Texas 77072.

12. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect debts alleged to be due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18. Sometime before 2011 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on personal account owed to Target National Bank (hereinafter the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with Target National Bank.

21.  After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22.  The Plaintiff disputes the Account.

23.  The Plaintiff requests that the Defendant cease all further communication on the Account.

24.  The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25.  The Defendant acted at all times mentioned herein through its employee(s).

26.  In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff.

27.  In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in response to the telephone call(s).

28.  The Defendant's purpose for these telephone call(s) was to attempt to collect the Account.

29.  The telephone call(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

30.  The telephone call(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

31.   The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

32.   The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

33.   The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

34.   During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that the Account would affect her credit reports until paid and that the Plaintiff would have to pay restitution on the Account.

35.   The representations stated in paragraph 34 were false and were false representations in connection with the collection of a debt, the Account.

36.   During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that she would have to call her bank to cancel the future payments she had set up with the Defendant and do stop payments on each check for $35.00 per check with the bank because the Defendant would not cancel the payments in response to the Plaintiff's request to cancel the future payments.

37.    The Defendant's representations stated in paragraph 36 were false and were false representations in connection with the collection of a debt, the Account.

38.    Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in the year prior to the filing of the instant action.

39.    Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone call(s) from the Plaintiff to the Defendant on the Account in the year prior to the filing of the instant action.

40.    Upon information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

41.    Upon information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

42.    Upon information and belief the Defendant has a copy or copies of the audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

43.    Upon information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

44.    Upon information and belief the Defendant's copies of the audio recording(s) of

its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

45.   The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(5), e(8) and e(10).

46.   The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

47.   The FDCPA is a "strict liability statute," and Plaintiff need only "show one violation of its provisions to be entitled to judgment in her favor." <u>Ellis v. Cohen & Slamowitz, LLP</u>, 701 F.Supp. 2d 215, 219 (N.D.N.Y. 2010).

48.   As a consequence of the Defendant's collection activities and communication(s), the Plaintiff is entitled to damages pursuant to FDCPA 1692k(a).

## **<u>RESPONDEAT SUPERIOR</u>**

49.   The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

50.   The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

51.   The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

52.     The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

53.     The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

54.     The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

55.     The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

56.     As a direct and proximate result of the aforesaid actions, the Plaintiff is entitled to damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

57.     The previous paragraphs are incorporated into this Count as if set forth in full.

58.     The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692e preface, e(2)(A), e(5), e(8), e(10) and § 1692f preface.

59.     Pursuant to FDCPA section 1692k the Plaintiff is entitled to damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.   A finding that the Defendant violated the FDCPA and/or an admission from the

     Defendant that it violated the FDCPA.

2.   Damages pursuant to 15 U.S.C. § 1692k(a).

3.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.   Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff